**Aleck S. MASON and Blanche M. Mason, Plaintiffs,**

v.

**Vicki Aletta LEE, Defendant.**

**No. Civ.A. 98–T–799–N.**

United States District Court, M.D. Alabama, Northern Division.

April 8, 1999.

G. Griffin Sikes, Jr., Montgomery, AL, for plaintiffs.

Ronald G. Davenport, D. Mitchell Henry, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiffs Aleck S. Mason and Blanche M. Mason have brought this lawsuit charging that they were injured in an automobile accident as a result of defendant Vicki Aletta Lee's negligent operation of her automobile. The diversity-of-citizenship jurisdiction of the court has been properly invoked pursuant to 28 U.S.C.A. § 1332. The issue before the court is whether evidence that the Masons' car was traveling 45-to-50 miles per hour in a 20 mile-per-hour zone is admissible even though Lee has not pled the affirmative defense of contributory negligence. The court concludes that such evidence is admissible, albeit with an appropriate limiting instruction to the jury.

The court has not uncovered any decision by the Alabama courts on this issue. This court must therefore make its own educated guess of how the Alabama Supreme Court would resolve this issue if confronted with it.

To be sure, the doctrine of contributory negligence is intertwined with the issue of causation in general. Contributory negligence is merely the negligent act of a plaintiff which is the proximate cause of his or her injury. See Slade v. City of Montgomery, 577 So.2d 887, 892 (Ala. 1991). The admission of evidence regarding causation on the plaintiff's part, when there has been no affirmative defense of contributory negligence, may very well complicate the causation issue for the jury, but it is by no means an insurmountable problem. Courts often admit evidence that may be considered by the jury for one purpose but not another. This court therefore believes that evidence regarding how fast the Masons' vehicle was traveling is admissible although Lee has not asserted the affirmative defense of contributory negligence. See Marino v. Otis Engineering Corp., 839 F.2d 1404, 1407–08 (10th Cir.1988) (evidence negating causation admissible where defendant did not assert contributory negligence defense); MacDonald v. General Motors Corp., 784 F.Supp. 486, 500 (M.D.Tenn.1992) (same); Radecki v. Wedgewood Medical Ctr., 1998 WL 767471, at *9 (Neb.Ct.App. Oct.13, 1998) (same).

The court need only admonish the jury that there can be more than one proximate cause for the Masons' injury, but in order to find for the Masons, the jury must conclude that Lee's negligence was a proximate cause of their injuries.

Accordingly, the court will give the following charge to the jury in this case:

"You have heard me use the term 'proximate cause' in regard to the second element. Proximate cause means the cause which in the natural and probable sequence of events, without the intervention of any new or independent cause, produced the injury. In other words, the proximate cause is the cause without which an injury would not have occurred. If, however, two or more causes concur or combine to produce the injury, each is considered to be the proximate cause of the injury. Thus, if you find that a cause other than Lee's negligence was a proximate cause of the Masons' injuries, the Masons may still recover if Lee's negligence was also a proximate cause of the injuries."

It is therefore ORDERED that evidence regarding the speed of the vehicle in which Aleck S. Mason and Blanche M. Mason was traveling is admissible, subject to the giving of the above special instruction to the jury.